**ORIGINAL**

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANTHONY M. RICHARDSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 106-131 |
| | ) | (Formerly CR 105-030) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

___

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

___

Petitioner Anthony M. Richardson, an inmate presently confined at the Federal Correctional Institute in Edgefield, South Carolina, has filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The matter is now before the Court because Respondent has filed two motions (original and "supplemental") to dismiss Petitioner's § 2255 motion. (See doc. nos. 3, 4). Because Petitioner has not filed any response, the Court deems the motions to dismiss unopposed.[1] See Loc. R. 7.5. For the reasons explained herein, the Court **REPORTS** and **RECOMMENDS** that Respondent's motions be **GRANTED**, that the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

___

[1] After noting that Petitioner had not filed a response to Respondent's motions, the Court entered an order instructing him about the effect of failing to respond and giving him additional time to prepare a response. (Doc. no. 5). Nevertheless, Petitioner failed to submit a response to Respondent's motions to dismiss.

# I. BACKGROUND

Pursuant to a negotiated guilty plea, Petitioner was convicted of Unlawful Possession of a Firearm and Ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). United States v. Richardson, CR 105-030, doc. no. 18 (S.D. Ga. Mar. 3, 2004) (hereinafter "CR 105-030"). The Honorable Dudley H. Bowen, Jr., United States District Judge, sentenced Petitioner to thirty (30) months of imprisonment on May 19, 2004, to be served consecutively to the state sentence Petitioner was already serving. Id. at doc. no. 20. The negotiated plea agreement contained an express appeal waiver, wherein Petitioner agreed to give up his rights to direct appeal and collateral attack of his conviction and sentence as follows:

> The defendant . . . expressly waives any and all rights . . . to appeal any sentence imposed that is within the statutory maximums . . . . The defendant . . . also expressly waives any and all rights to collateral post-conviction attack of the sentence imposed.

Id. at doc. no. 18, p. 3.

Furthermore, at the Rule 11 colloquy, Judge Bowen specifically cautioned Petitioner that, under the terms of the plea agreement, "you have waived you[r] right to appeal any sentence that I impose and that would include a wavier of any so call[ed] post conviction or habeas corpus relief you would otherwise be entitled to bring so long as the sentence imposed is within the guideline range in your case." Id. at doc. no. 27, pp. 9-10 (hereinafter "Rule 11 Tr."). Under the plea agreement Petitioner did, however, retain the right to file a direct appeal of his sentence should the Court upwardly depart from the Federal Sentencing Guidelines ("Guidelines") range or impose a sentence above the statutory maximum. See id.; CR 105-030, doc. no. 18, pp. 3-4. In sum, both Petitioner's written plea agreement and

the Court's admonition at the Rule 11 colloquy unequivocally informed Petitioner that, in accepting the plea agreement and pleading guilty, he would lose any right to direct appeal or collateral attack, provided of course that the Court did not depart from the applicable sentencing range under the Guidelines or impose a sentence in excess of the statutory maximum.

In the instant § 2255 motion, Petitioner argues that he received constitutionally ineffective assistance of counsel because (1) his counsel failed to present evidence that he was not a convicted felon which would have resulted in the indictment against him being dismissed, and (2) his counsel forced him to plead guilty to a charge upon which he never should have been indicted. (Doc. no. 1, p. 7). In opposition, Respondent argues that Petitioner's claims are subject to his appeal waiver, and that, regardless, his claims are without merit. (Doc. no. 4). Upon consideration, the Court resolves the matter as follows.

## II. DISCUSSION

**A.    The Instant Proceeding is Barred by Petitioner's Appeal Waiver.**

A waiver of appeal provision is enforceable if the waiver is knowing and voluntary. United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir. 1993). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." Weaver, 275 F.3d at 1333. If the Respondent meets this burden in the instant case, then Petitioner's current claims are barred from review. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (*per curiam*)

3

(enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

As set forth above, Petitioner's plea agreement contained a broad appeal waiver provision. See CR 105-030, doc. no. 18, p. 3. Furthermore, at the Rule 11 colloquy, Judge Bowen specifically questioned Petitioner about the terms of the appeal waiver. Rule 11 Tr., pp. 9-10. Petitioner stated that he understood the appeal waiver provision and wished to plead guilty. Id. at 10, 15.

Respondent has plainly met its burden under Weaver to demonstrate the existence of a valid appeal waiver. Here, Petitioner does not contend that Judge Bowen sentenced him in excess of the statutory maximum. Additionally, although Petitioner does argue that his plea was not knowingly and voluntarily entered, at the Rule 11 proceeding Petitioner stated that he understood the terms of his plea agreement and that he had not been forced, threatened, or pressured into pleading guilty. Id. at 8-10. "Solemn declarations in open court (at the guilty plea hearing) carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 74 (1977). Accordingly, Petitioner's § 2255 motion is subject to a valid appeal waiver and should be dismissed.

**B.      Any Claim that Might Survive the Appeal Waiver is Meritless.**

Regardless, as Respondent has correctly noted, even assuming Petitioner's claims are not barred by the appeal wavier, the claims lack merit. At the Rule 11 hearing, Judge Bowen explained that, although Petitioner was not a convicted felon, he was a person prohibited

4

from possessing a firearm, and the charge was unlawful possession of a firearm and ammunition. Rule 11 Tr., pp. 4-12. Bureau of Alcohol, Tobacco, and Firearms Special Agent Ronald Rhodes testified that Petitioner was arrested by Richmond County Sheriff's Deputies while in possession of a .45 caliber pistol. Id. at 12-13. Special Agent Rhodes's criminal history investigation revealed that Petitioner's previous conviction in South Carolina for the use of a vehicle without the owner's consent, while technically classified as a misdemeanor, carried a maximum penalty in excess of two years and prohibited Petitioner from owning or possessing a firearm. Id. Following Special Agent Rhodes's testimony, Petitioner agreed with the statements regarding his criminal history and that he had been in possession of the firearm in question. Id. at 14. Accordingly, Petitioner admitted the facts supporting the conviction, and his contentions relating to the assertion that he was not a convicted felon and that his counsel failed to argue about this point are irrelevant. As such, Petitioner's attorney could not be considered ineffective for failing to raise a claim regarding this irrelevant issue.[2] See Strickland v. Washington, 466 U.S. 668, 688, 694 (1984) (holding that a petitioner asserting ineffective assistance must show that "counsel's representation fell below an objective standard of reasonableness" and that any such deficient performance actually prejudiced the petitioner's case). In sum, even if Petitioner's claims were not barred by his valid appeal waiver, these claims are not a valid basis for relief in a § 2255 proceeding.

---

[2]The other portion of the ineffective assistance of counsel claim, that Petitioner's counsel forced him to plead guilty, is also without merit. When questioned by Judge Bowen, Petitioner specifically stated that he had not been forced to plead guilty. Rule 11 Tr., pp. 8-9.

5

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Respondent's motions (doc. nos. 3, 4) be **GRANTED**, that the instant § 2255 motion be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 15th day of May, 2007, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE